UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
JULISSA INFANTE, as Parent and Natural   :
Guardian of ELIJAH WILBORNE, an infant,  :
and JULISSA INFANTE, individually,       :        07 Civ. 846 (DLC)
                        Plaintiffs,      :
                                         :            MEMORANDUM
              -v-                        :         OPINION & ORDER
                                         :
THE BRONX LEBANON HOSPITAL CENTER, JEAN  :
TORNATORE, M.D., RACHANA GAVARA, M.D.,   :
CARLOS PENA, M.D., PHABILLIA AFFLACK,    :
M.D., and HEIDI DUPRET, M.D.,            :
                        Defendants.      :
                                         :
-----------------------------------------X

Appearances

For Plaintiffs:
Philip Russotti
Wingate, Russotti & Shapiro, L.L.P.
420 Lexington Avenue, 2750
New York, NY 10170

For Defendant Bronx Lebanon Hospital Center [for the prenatal
care claims]:
Carolina A. Fornos
Assistant United States Attorney
Michael J. Garcia
United States Attorney for the Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007


DENISE COTE, District Judge:

     Plaintiff Julissa Infante ("Infante"), individually and as

parent and natural guardian of an infant Elijah Wilborne, brings

this action for medical malpractice against defendants the Bronx

Lebanon Hospital Center (the "Hospital") and its employees for

negligent care Infante received during her pregnancy and labor
and delivery.  The United States moves to substitute itself as a
defendant and to dismiss the complaint as to itself pursuant to
Rule 12(b)(1), Fed. R. Civ. P.  The motions, which are
unopposed, are granted.[1]


## Background

     The following facts are undisputed or taken from the
complaint.  Between October 1, 2004 and February 12, 2005,
Infante received treatment at the Hospital during her pregnancy,
labor, and delivery.  On July 21, 2006, Infante filed this
action in New York Supreme Court, alleging medical malpractice
against the Hospital and its physician employees.  The prenatal
care Infante received was provided by the Women's Health Clinic
at the Hospital.  On January 15, 2007, Michael Garcia, the
United States Attorney for the Southern District of New York,
certified pursuant to 28 U.S.C. § 2679(d) that the Hospital was
operating within the scope of its employment as an employee of
the United States of America in connection with the prenatal
care Infante received from the Women's Health Clinic.  The
certification as United States employees does not include,

---

[1] The plaintiff and United States explain that although the
plaintiff was agreeable to filing a stipulation and order to
dismiss the prenatal claims, the remaining defendants were
unwilling to sign the stipulation.

however, the Hospital in connection with Infante's labor and
delivery claims or the individual defendants.  On February 5,
2007, the United States removed the action, and on March 12,
filed the instant motions.  Infante has submitted an affirmation
in support of the motions.

## Discussion

A. Substitution of the United States as a Defendant

The Federal Tort Claims Act ("FTCA") waives the United
States' sovereign immunity for certain classes of tort claims.
Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76,
80 (2d Cir. 2005).  It also provides that district courts shall
have exclusive jurisdiction over many types of tort claims
brought against the United States if the injury in question was
caused by "any employee of the Government while acting within
the scope of his office or employment."  28 U.S.C. § 1346(b)(1).

The Public Health Service Act ("PHSA"), 42 U.S.C. § 201 et
seq., makes the FTCA the exclusive remedy for actions against
members of the Public Health Service "for personal injury,
including death, resulting from the performance of medical,
surgical, dental, or related functions."  Id. § 233(a); see also
Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).  Under the
PHSA, the Secretary of Health and Human Services may deem health

centers that receive federal assistance and their employees to
be employees of the Public Health Service.  42 U.S.C. §
233(g)(1)(A).  When a tort action is brought against such
designated employees, the United States Attorney for the
district where the action is brought may certify that the health
center or its employees were working within the scope of their
employment at the time of the incident.  28 C.F.R. § 15.4(a);
see also 28 U.S.C. § 2679(d).  Upon certification, the case is
removed to federal court, the United States replaces the named
defendants as the liable party, and the case proceeds as an FTCA
suit.  See 42 U.S.C. § 233(c); Celestine, 403 F.3d at 80.

As already noted, United States Attorney Garcia has
certified that the Hospital was working within the scope of its
employment as an employee of the Public Health Service in
connection with Infante's prenatal care.  Having been properly
certified, the motion to substitute the United States as
defendant with respect to the prenatal claims is granted and
this portion of the case proceeds under the FTCA.

B. Subject Matter Jurisdiction

Having been substituted as a defendant, the United States
has moved to dismiss for lack of subject matter jurisdiction.  A
plaintiff bears the burden of establishing subject matter
jurisdiction by a preponderance of the evidence.  Aurecchione v.

4

Schoolman Transp. System, Inc., 426 F.3d 635, 638 (2d Cir.

2005).

The FTCA requires a plaintiff to exhaust all administrative

remedies before filing suit.  Celestine, 403 F.3d at 82.  In

order to pursue a claim under the FTCA, the plaintiff must have

"first presented the claim to the appropriate Federal agency"

and that claim must "have been finally denied by the agency in

writing."  28 U.S.C. § 2675(a).  The FTCA's exhaustion

requirement "is jurisdictional and cannot be waived."

Celestine, 403 F.3d at 82.  Because Infante has failed to

exhaust her administrative remedies, her claim relating to the

prenatal care must be dismissed for lack of subject matter

jurisdiction.


## Conclusion

The United States' motion to substitute itself as the

defendant Hospital in connection with the prenatal claims is

granted.  The motion of the United States to dismiss the

prenatal claim against it for lack of subject matter

jurisdiction is also granted.  Because this case was removed

from state court, "[i]f at any time before final judgment it

appears that the district court lacks subject matter

jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

As subject matter jurisdiction has not been alleged with regards

to the remaining claims and defendants, the remainder of the case is remanded to state court.  The Clerk of Court shall remand the case.

        SO ORDERED:

Dated:    New York, New York
          May 7, 2007

                                    _____
                                           DENISE COTE
                                    United States District Judge